ABRAHAM V. VAN FLEET AND AMZI DODD, ESQS., VICE-
CHANCELLORS.

SAMUEL POPE and wife

*v.*

JAMES BELL.

1. A preliminary injunction granted to prevent the alleged violation of a building covenant in a deed will be continued, in a case where the proper construction of such covenant cannot be judicially determined until the final hearing.

2. Complainant owned a lot with a building thereon, seventy-five feet in depth, with a cellar beneath, a store in the first story, and a large room, known as "Pope's Hall," in the second story. Complainant's wife owned the adjoining lot, which was on the corner of another street, with a building thereon, running back fifty feet along complainant's building. In that part of complainant's building extending beyond that of his wife, there were two windows in the wall of the cellar, two in the store and two in the large room

1

---

Pope *v.* Bell.

---

or hall. Complainant and his wife conveyed her lot and building to the defendant, by a deed reserving a strip of land three feet wide across the rear of the lot so conveyed, to the street, for the purpose of carrying off the water and sewages from the said hall ; and containing a covenant " that nothing shall be built or erected on the said lot to obstruct the light of the said Pope's Hall." There was a space of twenty-five feet between the building on the front of defendant's lot and the building on the rear of it ; and on that space defendant began to erect another building, sixteen feet high, covering the greater part of such space. An application to dissolve, on bill and answer, a preliminary injunction restraining defendant from erecting such building, on the ground that defendant's covenant only prohibited his obstructing the light of the windows in the hall itself (which defendant claims his new building will not obstruct), and not those in the store and cellar, was refused.

----

Bill for injunction. Motion to dissolve. On bill and answer.

*Mr. A. B. Woodruff*, for the motion.

*Mr. D. B. English, contra.*

THE CHANCELLOR.

The bill is filed for an injunction to restrain the defendant from violating his covenant contained in a deed given to him by the complainants for a lot of land in Paterson. That lot is on the corner of Market (formerly Congress) and Prospect streets, and adjoins on the east a lot which, at the date of the deed, was, and ever since has been, owned by the complainant, Samuel Pope. The property conveyed to the defendant was owned by Mrs. Pope. On Mr. Pope's property there was, as there still is, a building of seventy-five feet in depth, fronting on Market street, in the second story of which there is and was a large room or hall, known as " Pope's Hall." In the middle of the first floor of the building was the entrance to the hall, and on each side of the entrance was a store. There was a cellar under the building. On the lot conveyed to the defendant there was a building of three stories, also fronting on Market street, and extending back fifty feet alongside of Pope's building. On the west side of the part of Pope's building which

Pope v. Bell.

extended beyond the defendant's, there were windows, two in the cellar wall, two in the wall of the first floor and two in the wall of the large room or hall. Each lot is one hundred feet deep. The defendant's deed contains the following reservation and covenant: "And the parties of the first part do hereby reserve out of the above-described property a space of three feet wide, running from the rear of Pope's Hall, or where the water is taken from the said hall across the said lot to Prospect street, for the purpose of carrying off the water and sewages from the said hall; and also that nothing shall be built or erected on the said lot to obstruct the light of the said Pope's Hall." On the rear of the defendant's lot there was and is a building, and between his two buildings there was a space of twenty-five feet. On that space the defendant is now erecting a building sixteen feet high, to cover the greater part of it, and the complainants seek to restrain him, on the ground that his action in so doing is in violation of the covenant, and will inflict irremediable injury on Mr. Pope, by darkening the windows of his building overlooking that space. The defendant, by his answer, insists that the covenant has reference, not to all the said windows before mentioned, but only to the two windows of the hall itself, and therefore that the obstruction of the light, so far as the windows in the cellar and first story are concerned, is not within the covenant; and further, that if it has reference to them, the proposed building will not be a greater obstruction to the light than the erections which were on that part of the lot when the conveyance was made. The complainants, it should be stated, allege that that part of the lot was then vacant. The bill is verified by the oath of Mr. Pope alone, and therefore the defendant must, on this motion, rely on his own oath alone as verification of the answer and in support of the motion. _Merwin_ v. _Smith, 1 Gr. Ch. 182_; _Gariss_ v. _Gariss, 2 Beas. 320_; _Mulock_ v. _Mulock, 11 C. E. Gr. 461._ On the bill, the complainants' right to relief by injunction is very clear. _Kirkpatrick_ v. _Peshine, 9 C. E. Gr. 206._ The answer, while it admits the existence of the covenant, denies that the construction put upon it by the complainants is the proper one, and insists that

if it is, there is no appreciable injury; and if there be, that the complainants have an adequate remedy at law. The decision of the cause will principally depend on the conclusion to be judicially reached as to what is to be understood by the designation "Pope's Hall," whether it is the whole building or only the room so called, and that question cannot be decided satisfactorily or with justice to the parties at the present stage of the suit. It should be left until the final hearing, and the injunction retained accordingly. The motion will therefore be denied, with costs. There will, however, in order to bring the cause to a hearing speedily, be a reference to a vice-chancellor, if it be desired.